**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

THOMAS L. WARD,
                *Plaintiff-Appellant,*

v.                                                              No. 02-2225

KIM ANN DAMICO,
                *Defendant-Appellee.*

THOMAS L. WARD,
                *Plaintiff-Appellee,*

v.                                                              No. 02-2239

KIM ANN DAMICO,
                *Defendant-Appellant.*

Appeals from the United States District Court
for the District of Maryland, at Greenbelt.
Charles B. Day, Magistrate Judge.
(CA-01-362-PJM)

Argued: October 30, 2003

Decided: November 19, 2003

Before WIDENER, MOTZ, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Julia Arfaa Lodowski, SALSBURY, CLEMENTS, BEK-
MAN, MARDER & ADKINS, L.L.C., Baltimore, Maryland, for

Appellant. James Andrew Sullivan, SULLIVAN, TALBOTT & BATT, Rockville, Maryland, for Appellee. **ON BRIEF:** Stuart M. Salsbury, SALSBURY, CLEMENTS, BEKMAN, MARDER & ADKINS, L.L.C., Baltimore, Maryland, for Appellant.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

In this diversity case, Thomas L. Ward sued Kim Ann Damico for injuries resulting when their respective vehicles collided at the intersection of Bradley Boulevard and Barrett Lane in Montgomery County, Maryland. At trial, the jury found that both Ward and Damico had acted in a negligent manner, proximately causing the accident. Accordingly, the court entered judgment in favor of Damico. We affirm.

### I.

A stop sign controls Barrett Lane, a residential street, which intersects Bradley Boulevard from the east. At this intersection, Bradley Boulevard is a two-lane highway, with one lane traveling in either direction separated by a double yellow line.

On November 6, 1999, as Thomas Ward drove his motorcycle in a northwesterly direction on Bradley Boulevard, Kim Damico, driving her car on Barrett Lane, attempted to make a left turn onto Bradley Boulevard. Damico had left Barrett Lane and proceeded into the intersection when the accident ensued. Ward's motorcycle collided with Damico's vehicle near the center of Bradley Boulevard, throwing Ward and his passenger off the motorcycle and into the bushes on the side of the road. James M. Greenan witnessed the accident.

Ward timely filed this action seeking to recover from Damico for injuries suffered in the accident. Prior to trial, the parties filed a pre-trial order in which they contested the applicability of Maryland's boulevard rule. Under the boulevard rule, a "favored" driver is entitled to a statutory preference rendering the "unfavored" driver who fails to yield the right-of-way negligent as a matter of law unless the favored driver was proceeding unlawfully and that unlawful behavior was a proximate cause of the accident. *Poteet v. Sateur*, 766 A.2d 150, 167-68 (Md. App. 2001); *Mallard v. Earl*, 665 A.2d 287, 291 (Md. App. 1995). In this case, the favored driver, the person traveling on the through street, here Bradley Boulevard, is Ward; the unfavored driver, the person traveling on an intersecting cross street, here Barrett Lane, is Damico. *Brendel v. Ellis*, 742 A.2d 1, 4 (Md. App. 1999).

The magistrate judge declined to apply Maryland's boulevard rule to find Damico negligent as a matter of law. Thus, the case went to trial both on the issue of Damico's primary negligence and on Ward's contributory negligence.

## II.

At trial, four witnesses testified regarding the accident — Ward, Damico, Greenan, and Glen F. Reuschling.

Ward testified that he was driving approximately 30 miles per hour down Bradley Boulevard when Damico's vehicle pulled out "right in front of [him]." The collision was "almost instantaneous," and despite Ward's attempts to swerve around Damico's vehicle, he could not avoid the accident. Ward did not recall passing any vehicles on Bradley Boulevard and stated that there were no vehicles between him and Damico in the moments before the accident.

According to Damico, she pulled up to the stop sign on Barrett Lane, but was unable to see clearly, so she continued to the edge of the road where she looked left, looked right, and looked left again before proceeding into the intersection. She did not see Ward's motorcycle until "a millimeter of a second" before impact, when he was coming at her "like a bullet."

Greenan related that, immediately prior to the accident, he was proceeding on Bradley Boulevard in the same direction as Ward. Soon after crossing Goldsboro Road, the intersection before Barrett Lane, Greenan noticed Damico's vehicle pulling out of Barrett Lane attempting to make a left turn onto Bradley Boulevard. At that time, there were no cars between him and Damico, and Greenan slowed down to let Damico through. As he did so, he heard Ward's motorcycle and saw Ward pass him on the left, over the double yellow line and at a high rate of speed — approximately 50 to 60 miles per hour in an area with either a 30 or 35 mile per hour speed limit. The collision occurred only "seconds" or "milliseconds" after Ward returned to his proper lane of travel. Greenan testified that he had no difficulty slowing down to let Damico through, nor did he have any difficulty stopping and pulling over after the accident occurred.

Reuschling, an accident reconstruction expert retained by Ward, opined that Ward would have been unable to avoid the collision even if he had been traveling at a lawful rate of speed. He explained that motorcycles have less braking capacity than a car, and that a motorcyclist has a slower perception time than the driver of a car. Finally, he concluded that based on the physical evidence, it would have been impossible for Ward to have completed the pass at the location and in the manner described by Greenan.

After hearing all of this evidence during the course of a three-day trial, the jury returned a verdict finding both parties negligent and a proximate cause of the accident. The court then entered judgment in favor of Damico. Ward filed a motion for a new trial arguing there was no evidence that any of Ward's actions were sufficient to constitute a proximate cause of the accident. The court denied the motion, and this appeal followed. Damico cross-appealed, contending that the magistrate judge erred in excluding the testimony of two witnesses that observed Ward's vehicle prior to the accident, but did not witness the collision.

### III.

After carefully considering the record, the briefs, and the applicable law, and having had the benefit of oral argument from the parties, we conclude that the district court properly denied Ward's motion for

a new trial because there was sufficient evidence from which the jury could conclude that Ward acted negligently and that his negligence was a proximate cause of the accident. Although the magistrate judge erred in failing to give the standard boulevard rule jury instructions, this error was harmless, as Ward acknowledged at oral argument, because the jury ultimately found Damico negligent. There was ample evidence from which the jury could conclude that Ward had exceeded the speed limit and illegally passed Greenan over a double yellow line. The jury was also entitled to conclude that the combination of these two unlawful acts constituted a proximate cause of the accident. Accordingly, we affirm, without need to address the merits of Damico's cross-appeal.

*AFFIRMED*